**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| VICTOR RODRIGUEZ, Individually and For Others Similarly Situated,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC. | **Case No. 1:26-cv-00066-DAB-JLW**<br><br>JURY TRIAL DEMANDED<br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

# FIRST AMENDED COMPLAINT

## SUMMARY

1. Plaintiff Victor Rodriguez ("Rodriguez") brings this collective action to recover unpaid overtime and other damages from Old Dominion Freight Line, Inc. ("Old Dominion").

2. Rodriguez worked for Old Dominion as a Loader.

3. Like the Putative Class Members (as defined below), Rodriguez regularly worked more than 40 hours in a week.

4. But Old Dominion did not pay them overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. Instead, Old Dominion paid Rodriguez and the Putative Class Members straight time for overtime.

6. Rodriguez and the Putative Class members were thus not paid time-and-a-half overtime for any hours worked in excess of 40 in a workweek.

7. Old Dominion's straight-time overtime pay policy violates the Fair Labor Standards Act (FLSA).

8. The FLSA claims are brought as a collective action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

10. This Court has personal jurisdiction over Old Dominion because Old Dominion is headquartered in this District and is subject to the court's personal jurisdiction with respect to the civil action in question.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendant's headquarters are in this District.

## The Parties

12. Victor Rodriguez worked for Old Dominion Freight Line from approximately September 2023 to May 2025 as a Loader in San Antonio, Texas.

13. Throughout his employment, Old Dominion paid Rodriguez straight time for overtime, including for hours worked over forty, and under fifty, in a workweek (straight time for overtime pay plan).

14. Rodriguez's consent to be a party plaintiff was filed with the Court. Doc. 2.

15. Rodriguez brings this action on behalf of himself and all similarly situated Loaders who were paid straight time for overtime hours worked. Old Dominion failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

16. The FLSA Collective of similarly situated workers consists of:

> **All Loaders employed by Old Dominion in San Antonio, Texas and paid straight time for overtime in the past three (3) years ("Straight Time Loaders").**

17. The identities of the Straight Time Loaders can be readily ascertained from Old Dominion's records.

18. Old Dominion has appeared in this case and may be served via CM/ECF.

## COVERAGE UNDER THE FLSA

19. Plaintiff incorporates all preceding paragraphs.

20. At all times hereinafter mentioned, Old Dominion was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Old Dominion was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all relevant times, Old Dominion has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

23. At all relevant times, Old Dominion has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

24. In each of the past 3 years, Old Dominion's annual gross volume of sales has exceeded $1,000,000 for at least the past 3 years.

25. During the respective periods of Rodriguez and the Straight Time Loaders' employment by Old Dominion, the Straight Time Loaders provided services for Old Dominion that involved interstate commerce for purposes of the FLSA.

26. Old Dominion uniformly applied its policy of improperly classifying the Straight Time Loaders, including Rodriguez, as exempt from overtime.

27. Old Dominion uniformly applied its policy of paying its Straight Time Loaders, including Rodriguez, straight time for overtime.

28. Old Dominion applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

29. Old Dominion's practice of misclassifying its employees as exempt from overtime violates the FLSA.

30. Old Dominion's uniform compensation scheme paying straight time for overtime for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

31. By improperly classifying the Straight Time Loaders as exempt from overtime, and by paying its workers straight time for overtime, Old Dominion violated (and continues to violate) the FLSA's requirement that it pays its employees at one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

32. As a result of this policy, Old Dominion and the Straight Time Loaders did not and do not receive overtime payment as required by the FLSA.

33. The proposed collective of similarly situated employees, *i.e.*, putative collective members sought to receive FLSA notice pursuant to 29 U.S.C. § 216(b), is defined herein.

34. The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Old Dominion.

## Additional Facts

35. Old Dominion is a North Carolina-based corporation that provides freight transportation services.

36. Old Dominion operates nationwide and employs a large workforce in various logistics roles, including Loaders, and provides freight transportation services across the United States.

37. To complete its business objectives, Old Dominion hires personnel (like Rodriguez) as Loaders.

38. For example, Rodriguez was hired by Old Dominion to work as a Loader in San Antonio, Texas.

39. Rodriguez provided services such as loading and unloading freight according to the strict procedures provided by Old Dominion and the instructions of his supervisors.

40. Rodriguez's supervisors told Rodriguez how to load and strap freight.

41. Rodriguez did not have independence or discretion to deviate from Old Dominion's rules and his supervisors' instructions regarding the loading and unloading of freight.

42. For example, Rodriguez was not permitted to place more than 5,000 pounds on the tail of the trailer.

43. Rodriguez was not permitted to place hazmat liquids on the floor.

44. Rodriguez's supervisors had the sole discretion to instruct Rodriguez to load certain freight wall-to-wall, and Rodriguez did not have the independence or discretion to decide to use a belly strap.

45. Old Dominion supervisors physically supervised Rodriguez performing his loading job duties.

46. Rodriguez was required to obtain approval from his supervisor after the conclusion of every loading job.

47. If the supervisor did not approve the load, Rodriguez was required to rework the load according to the supervisor's instructions.

48. Rodriguez was not responsible for, and did not independently determine, load balance, weight distribution, or securement methods.

49. Any decisions regarding how freight was to be placed, distributed, or secured in a manner that would bear on the safe operation of Old Dominion's vehicles on public highways were made by Old Dominion supervisors, not by Rodriguez.

50. Rodriguez's role in the loading process was to carry out those instructions as directed.

51. Throughout Rodriguez's employment with Old Dominion, Old Dominion improperly

paid him straight time for overtime for all hours worked greater than 40, and less than 50, in a workweek.

52. Throughout Rodriguez's employment with Old Dominion, Old Dominion paid him straight time for overtime, wherein Rodriguez received a flat hourly rate for each hour worked, for all hours worked between forty and fifty in a workweek.

53. During his time with Old Dominion, Rodriguez regularly worked 45-50 hours per workweek.

54. At no time during Rodriguez's employment did Old Dominion pay him overtime compensation for hours worked in excess of forty (40) and less than fifty (50) in a single week.

55. Rodriguez is one of many Loaders employed by Old Dominion.

56. Numerous other Loaders whom Old Dominion hired were deemed ineligible for overtime compensation for hours worked over forty (40) and under fifty (50) in a workweek.

57. Old Dominion paid these workers straight time for overtime (without overtime pay).

58. All such employees are subjected to the same or similar illegal pay practices for similar work.

59. These workers make up the proposed collective of Straight Time Loaders.

60. During the relevant period, these Straight Time Loaders worked for Old Dominion on an hourly basis.

61. During the relevant period, these Straight Time Loaders were not paid overtime for the hours they worked for Old Dominion in excess of 40 hours and less than 50 hours each week.

62. While exact job titles and job duties may differ, Old Dominion subjected the Straight Time Loaders and other similarly employed workers to the same or similar illegal pay practices for similar work.

63. Rodriguez and the Straight Time Loaders performed freight loading services for Old

Dominion's clients, including large businesses and private clients requiring regular shipments across long distances.

64. The Straight Time Loaders performed the same general job duties performed by Rodriguez, loading and unloading freight according to the strict procedures provided by Old Dominion and the instructions of his supervisors.

65. The Straight Time Loaders worked the same or similar schedules worked by Rodriguez, regularly working more than 40 hours each week.

66. The Straight Time Loaders' supervisors told the Straight Time Loaders how to load and strap freight.

67. The Straight Time Loaders did not have independence or discretion to deviate from Old Dominion's rules and their supervisors' instructions regarding the loading and unloading of freight.

68. For example, Straight Time Loaders were not permitted to place more than 5,000 pounds on the tail of the trailer.

69. Straight Time Loaders were not permitted to place hazmat liquids on the floor.

70. Straight Time Loaders' supervisors had the sole discretion to instruct the Straight Time Loaders to load certain freight wall-to-wall, and Straight Time Loaders did not have the independence or discretion to decide to use a belly strap.

71. Old Dominion supervisors physically supervised the Straight Time Loaders performing his loading job duties.

72. The Straight Time Loaders were required to obtain approval from their supervisors after the conclusion of every loading job.

73. If the supervisor did not approve the load, Straight Time Loaders were required to rework the load according to the supervisor's instructions.

74. The Straight Time Loaders were not responsible for, and did not independently determine, load balance, weight distribution, or securement methods.

75. Any decisions regarding how freight was to be placed, distributed, or secured in a manner that would bear on the safe operation of Old Dominion's vehicles on public highways were made by Old Dominion supervisors, not by Rodriguez.

76. The Straight Time Loaders' role in the loading process was to carry out those instructions as directed.

77. Rodriguez and the Straight Time Loaders were given no share in the exercise of discretion as to the manner in which the loading is done. *See* 29 C.F.R. § 782.5(c).

78. Frequently Rodriguez and the Straight Time Loaders worked for Old Dominion well over 45 hours in a given week.

79. Rodriguez's work schedule is typical of the Straight Time Loaders.

80. Old Dominion controlled the work schedules of Rodriguez and the Straight Time Worker.

81. Rodriguez and the Straight Time Loaders never received a salary for the work they performed for Old Dominion.

82. Rodriguez and the Straight Time Loaders worked for Old Dominion under its straight time for overtime pay scheme.

83. Rodriguez and the Straight Time Loaders received straight time for overtime even if they worked more than 40 hours in a workweek.

84. All of the Straight Time Loaders worked similar hours and were denied overtime as a result of the same illegal pay practice.

85. All of the Straight Time Loaders worked in excess of 40 hours each week and often worked more than 45 hours in a workweek.

86. Old Dominion uniformly denied Rodriguez and the Straight Time Loaders overtime for the hours they worked in excess of 40 hours and less than 50 hours in a single workweek.

87. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

88. Old Dominion violated the FLSA by paying Rodriguez and the Straight Time Loaders straight time for overtime, denying them overtime pay for the hours they worked in excess of 40 in a single workweek.

89. Old Dominion knew Rodriguez and the Straight Time Loaders worked more than 40 hours in a week.

90. Old Dominion knew, or showed reckless disregard for whether, Rodriguez and the Straight Time Loaders were improperly classified as exempt from overtime (as opposed to non-exempt employees).

91. Old Dominion knew, or showed reckless disregard for whether, Rodriguez and the Straight Time Loaders were not exempt from the FLSA's overtime provisions.

92. Old Dominion knew, or showed reckless disregard for, whether the Straight Time Loaders were entitled to overtime under the FLSA.

93. The decision by Old Dominion to utilize its straight time for overtime pay plan was and is a willful violation of the FLSA and was not undertaken in good faith.

94. Accordingly, Old Dominion's pay policies and practices blatantly violated (and continue to violate) the FLSA.

## CAUSE OF ACTION
## FLSA VIOLATIONS

95. Rodriguez incorporates the preceding paragraphs by reference.

96. At all relevant times, Rodriguez and the Straight Time Loaders are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required

by 29 U.S.C. §§ 206–07.

97. Old Dominion violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week, and less than fifty (50) hours per week, at rates at least one and one-half times the regular rates.

98. In violating the FLSA, Old Dominion knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Rodriguez and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

99. Because Old Dominion knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Old Dominion owes these wages for at least the past three years.

100. Old Dominion knew or should have known its pay practices were in violation of the FLSA.

101. The decision and practice by Old Dominion to not pay overtime was neither reasonable nor in good faith.

102. Accordingly, Rodriguez and the Straight Time Loaders are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

## FLSA Collective Action Allegations

103. All previous paragraphs are incorporated as though fully set forth herein.

104. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Rodriguez.

105. Other similarly situated employees have been victimized by Old Dominion's patterns, practices, and policies, which are in willful violation of the FLSA.

106. The parameters of the Straight Time Loaders are defined herein.

107. Old Dominion's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual Straight Time Loaders.

108. Thus, Rodriguez's experiences are typical of the experiences of the Straight Time Loaders.

109. The specific job titles or precise job requirements of the various Straight Time Loaders do not prevent collective treatment.

110. All of the Straight Time Loaders—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

111. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

112. Indeed, the Straight Time Loaders are non-exempt employees entitled to overtime after forty (40) hours in a week.

113. Upon information and belief, these Straight Time Loaders are geographically dispersed, residing and working in locations across the United States.

114. Because the Straight Time Loaders do not necessarily have fixed work locations, they may work in different states across the country in the course of a given year.

115. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Old Dominion will retain the proceeds of its violations.

116. Moreover, individual litigation would be unduly burdensome to the judicial system.

117. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

118. Accordingly, notice should be promptly sent to the Straight Time Loaders.

## JURY DEMAND

119. Plaintiff Victor Rodriguez demands a trial by jury

## RELIEF SOUGHT

120. WHEREFORE, Rodriguez prays for judgment against Old Dominion as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the Straight Time Loaders as defined herein and requiring Old Dominion to provide the names, addresses, email addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential Straight Time Loaders advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Rodriguez (and those Straight Time Loaders who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Old Dominion liable for unpaid back wages due to Rodriguez (and those FLSA Straight Time Loaders who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Rodriguez (and those FLSA Straight Time Loaders who have joined in the suit));

e. For an Order awarding the costs and expenses of this action;

f. For an Order awarding attorneys' fees;

g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding the Rodriguez a service award as permitted by law;

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 27, 2026.

Respectfully submitted,

*/s/ Carl Fitz*
**Carl A. Fitz**
Tex. Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
(713) 766-4000
carl@fitz.legal

**AND**

*/s/ Bert Miano*
Bert J. Miano
Miano Law PC
301 South McDowell Street
Suite 125 – Box 1352
Charlotte, NC 28204
Phone: (704) 275-7199
Fax: (704) 630-7199
Email: bmiano@mianolaw.com
**Local Civil Rule 83.1(d) Attorney for Plaintiff**

**ATTORNEYS IN CHARGE FOR RODRIGUEZ**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 27th day of April 2026.

*/s/ Carl A. Fitz*
**Carl A. Fitz**