IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VICTOR RODRIGUEZ, Individually and For
Others Similarly Situated,

Plaintiff,

v.

OLD DOMINION FREIGHT LINE, INC.,

Defendant.

Case No. 1:26-cv-00066-DAB-JLW

## REPLY BRIEF IN FURTHER SUPPORT OF
## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff's allegations establish he was properly classified under the Motor Carrier Act ("MCA") exemption because Plaintiff concedes Old Dominion is a motor carrier under the MCA and alleges that, as a loader, he loaded and secured freight for interstate transport in a manner affecting safety. (*See* Am. Comp., ECF No. 14 ¶¶ 20-25, 40, 66.) Plaintiff argues, however, that he was not subject to the MCA exemption because he was supervised when performing his loader duties and thus his "loading activities" are "so limited" or form so "trivial, casual or occasional a part" of his activities that they do not come within the kind of loading described by the Interstate Commerce Commission ("ICC"). (ECF No. 16 at 1) ("Rodriguez did not exercise the kind of judgment and discretion necessary to qualify as an exempt loader under the MCA"). Plaintiff's argument fails for at least two reasons: (1) discretion is not required to satisfy the MCA exemption, and (2) the cases on which Plaintiff relies all involved employees who loaded only occasionally, in addition to their typical non-loading duties.

As an initial matter, the MCA exemption does not require *any* showing of judgment or discretion. *See* 29 U.S.C. § 213(b)(1); *see also Blankenship v. Thurston Motor Lines, Inc.*, 415

F.2d 1193, 1195 (4th Cir. 1969) ("Persuasive authorities both intimate and explicitly hold that loaders, even if closely supervised, remain within I.C.C. jurisdiction."); *see also Levinson v. Spector Motor Serv.*, 330 U.S. 649, 674–77 (1947); *Troutt v. Stavola Bros., Inc.*, 107 F.3d 1104, 1108 n.1 (4th Cir. 1997) (ignoring DOL regulation, 29 C.F.R. § 782.5, noting "we give no weight to the bulletin"). Perhaps recognizing that 29 C.F.R. § 782.5 is entitled to no deference, Plaintiff relies on *Troutt* and *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 707–08 (1947) to contend that binding MCA *case law* requires discretion. He is incorrect and also ignores the fact that the cases on which he relies involved workers who were not loaders and performed only incidental loading tasks. In *Pyramid*, the plaintiffs were a delivery clerk and a "push boy," 330 U.S. at 698, and in *Troutt*, the plaintiff was a race car body fabricator who loaded freight only twice over more than three years. 107 F.3d at 1106. Here, by contrast, Plaintiff admits he was a loader whose daily duties[1] place him squarely within the MCA exemption. The cases on which he relies, therefore, do not support his attempt to characterize his core duties as *de minimis.* Because discretion is not required under the MCA exemption and Plaintiff's allegations establish that he performed safety-affecting loading, there can be no question that the MCA exemption applies as a matter of law.

## I. ARGUMENT

Employees over whom the Secretary of Transportation has authority to set qualifications and maximum hours are exempt from the FLSA. *See* 29 U.S.C. § 213(b)(1). For loaders, this requires a showing that the employer is a motor carrier and that the employee holds a position the ICC has authority to regulate because their duties directly affected the safe operation of motor

---

[1] Contrary to Plaintiff's Response, Rodriguez's job duties are not "in dispute." (ECF No. 16 at 1.) If the Court concludes there is any dispute, the Court may grant Defendant's Motion based solely on the allegations in the Amended Complaint.

2

vehicles.[2] *See Levinson*, 330 U.S. at 674, 681 (holding that an employee falls within MCA exemption if "a substantial part of [his] activities consisted of the doing" of activities that the ICC described as directly affecting the safety of operation, such as "loading[,] distributing and making secure heavy or light parcels of freight on board a truck so as to contribute as much as possible to the safety of the trip."). Plaintiff does not dispute that Old Dominion is a motor carrier operating in interstate commerce within the meaning of the MCA and therefore has abandoned any such argument. *Douglas v. Crisco*, No. 1:24CV101, 2026 WL 1132910, at *2 (M.D.N.C. Apr. 27, 2026) ("By failing to address or oppose an argument, a plaintiff abandons his or her opposition to a defendant's assertion."). Accordingly, the only issue is whether Plaintiff's duties directly affected the safe operation of motor vehicles. The Court should conclude that Plaintiff's own Amended Complaint establishes that he is exempt. (*See* ECF No. 14.)

A.        Discretion is *Not* Required to Satisfy the MCA Exemption.

The majority of Plaintiff's Response is directed at his assertion that he did not exercise sufficient "judgment" or "discretion" in performing loading and therefore he did not affect the safety of operations. (ECF No. 16.) That argument misstates the governing legal standard. The MCA exemption turns not on the degree of discretion an employee exercises, but on whether the employee's duties as a loader affect the safety of motor vehicle operations. (ECF No. 11-1 at n.1); *see also Williams v. Cent. Transp. Int'l, Inc.*, 830 F.3d 773, 778 (8th Cir. 2016) (affirming order

---

[2] In 1996, Congress abolished the Interstate Commerce Commission in the ICC Termination Act of 1995 and transferred its regulatory authority to successor agencies, primarily the Department of Transportation. *See Tippins v. United States*, 154 Fed. Cl. 373, 380 (2021), aff'd, 93 F.4th 1370 (Fed. Cir. 2024)("The ICC was abolished by an act of Congress in 1996 and many of its functions were absorbed by its successor agency, the Surface Transportation Board ("STB"), as well as the Federal Highway Administration within the Department of Transportation.").

granting summary judgment in favor of employer, explaining "DOL regulation, 29 C.F.R. § 782.5(a)[3] . . . is contrary to the Supreme Court's governing standard.").

That rule is firmly established by Supreme Court precedent. The Supreme Court has made clear that the MCA exemption is defined by the scope of the jurisdiction of the ICC (whose authority was transferred to the Department of Transportation), and not by any "discretion" requirement derived from Department of *Labor* interpretations. *Levinson*, 330 U.S. at 674–77; *Pyramid*, 330 U.S. 695, 707–08 (1947).

In *Levinson*, the Supreme Court explained:

> [B]y virtue of the unique provisions of [the MCA exemption], we are not dealing with an exception to [the FLSA] which is to be measured by regulations which Congress has authorized to be made by the Administrator of the Wage and Hour Division. United States Department of Labor. Instead, we are dealing here with the interpretation of the scope of the safety program of the [ICC], under § 204 of the Motor Carrier Act, which in turn is to be interpreted in the light of the regulations made by the [ICC] pursuant to that Act.

*Id.* at 676–77.[4]

Consistent with that framework, the Fourth Circuit and other courts have rejected attempts like Plaintiff's to import a discretion requirement from the Department of Labor's regulation at 29 C.F.R. § 782.5 into the MCA exemption. *See Troutt*, 107 F.3d at 1109 n.1 (giving "no weight" to the DOL's interpretive guidance at 29 C.F.R. § 782.5); *Williams*, 830 F.3d at 778. As the Fourth Circuit explained in *Blankenship* in ruling in favor of the *employer* on the MCA exemption, "[w]hat the [ICC] intended to cover was the physical act of loading freight in a safe manner so that

---

[3] 29 C.F.R. § 782.5(a) provides: "An employee has safety of operation duties when: he has responsibility when such motor vehicles are being loaded, for exercising judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized."

[4] Old Dominion's opening brief relied on *Levinson*. (ECF No. 11-1 at 6) (citing *Levinson*, 330 U.S. at 669). Plaintiff did not address *Levinson* in his Response.

the trucks might be operated safely on the highway." 415 F.2d at 1195–96 & n.3. The court further explained that "every workman is responsible for doing his job well, *even though his labor may be supervised closely and checked for accuracy by his supervisors.*" *Id.* (emphasis added) Safety depends not "upon the supervision and checking of the 'boss,'" but rather "safety depends upon the efforts of loaders who know what they are doing, who do the job the way it is to be done, and who are responsible for their actions." *Id.*

Similarly, in *Williams*, 830 F.3d at 778, the Eighth Circuit affirmed the trial court's determination that plaintiff, a switcher, was FLSA exempt pursuant to the MCA exemption, declining to give any deference to the DOL's regulation at 29 C.F.R. § 782.5 and concluding "that 'exercising judgment and discretion' is not the governing standard." The Eighth Circuit explained that because the plaintiff's duties included "loading and unloading trailers, moving trailers to and from loading docks, and repositioning freight with a forklift," he spent a "substantial part of his time … participating in or directing the actual loading of a motor vehicle common carrier's trailers operating in interstate or foreign commerce" and was exempt. *Id.* at 776-778.

Other courts have reached the same conclusion, likewise declining to defer to § 782.5 or to otherwise impose a discretion requirement. *See Packard v. Pittsburgh Transp. Co.*, 418 F.3d 246, 251 n.5 (3d Cir. 2005) ("The DOL has no independent authority to interpret the MCA, even though the MCA defines the scope of an FLSA exemption, because the DOL is not the agency entrusted with the administration of the MCA"); *Benson v. Universal Ambulance Serv., Inc.*, 675 F.2d 783, 785 (6th Cir. 1982) ("It is clear that the agency with whose interpretation the exemption in issue is concerned is not the Department of Labor, but rather the Department of Transportation. It has been held that interpretive regulations of the Wage and Hour Division do not control interpretation of the Motor Carriers [sic] Act.").

Plaintiff's reliance on *Wirtz v. C & P Shoe Corp.*, 336 F.2d 21, 29 (5th Cir. 1964), the only appellate opinion he cites supporting his discretion argument, is not entirely helpful.[5] In *Wirtz*, the Fifth Circuit indicated that the I.C.C. exemption may not apply where an employee exercises no discretion in loading. The Fourth Circuit has never adopted that reasoning. To the contrary, in *Troutt* 107 F.3d at 1108—decided decades after *Wirtz*—the court declined to expand the definition of "loader" beyond the framework articulated by the I.C.C. and the Supreme Court in *Levinson* and *Pyramid*. And despite acknowledging *Wirtz* in *Blankenship*, the Fourth Circuit did not invoke or adopt *Wirtz's* no-discretion limitation, underscoring that it has neither squarely addressed nor endorsed that aspect of Wirtz's reasoning, even in dicta. *See Blankenship*, 415 F.2d 1193 n.4 (acknowledging *Wirtz's* suggestion that the exemption "is inapplicable if the employee exercised no discretion," but noting the court "need not decide" that issue and thus not adopting that reasoning).

Plaintiff cannot avoid this issue by suggesting the Court "need not reach" the discretion question. (ECF No. 16 at 1.) The question is dispositive. Because the MCA exemption does not require discretion, the only relevant inquiry is whether Plaintiff performed loading work that affects safety. As discussed next, he did.

---

[5] *Chellis v. New Century Transportation, Inc.*, 843 F. Supp. 2d 551, 553 (D.N.J. 2012) does not support Plaintiff's argument. In *Chellis*, the court assumed—without analysis—that the DOL's regulation at 29 C.F.R. § 782.5 supplied the governing standard and thus the court imposed a "discretion" requirement. The court, however, did not address or even acknowledge the Supreme Court's holding in *Levinson* that the DOL lacks authority to define the scope of the MCA exemption. *Id.* Accordingly, *Chellis* provides no persuasive authority for a discretion requirement. The same analysis applies to *Moore v. Deer Valley Trucking, Inc.*, No. CV-13-00046-BLW, 2014 WL 12573388, at *5 (D. Idaho Apr. 11, 2014).

**B.    Plaintiff's Loading Was Not *De Minimi*s.**

Plaintiff's Response contains only a passing argument that his loading duties were "trivial, casual, or occasional," with no supporting analysis or application to the facts he alleges. (ECF No. 16 at 1.) The Court should conclude that Plaintiff waived any *de minimis* argument. *World Inspection Network Int'l LLC v. J. Strout Holdings, LLC*, No. 1:24CV146, 2024 WL 3566172, at *5 (M.D.N.C. July 29, 2024) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument — even if its brief takes a passing shot at the issue.").

If the Court considers the *de minimis* argument, it should reject it. Plaintiff never explains why the duties *he alleged* fall outside the category of safety-affecting work pursuant to the MCA, nor does he point to any factual allegation suggesting his loading activities were limited or incidental. Plaintiff's own allegations resolve the issue as a matter of law. He admits he physically loaded and secured freight for interstate transport: he loaded and secured freight (ECF No, 14 ¶¶ 40, 50, 66) (Rodriguez was told how to "load and strap freight"), ensured hazardous materials were properly positioned (*d*. ¶ 43)(Rodriguez was trained to not "place hazmat liquids on the floor"), and reworked loads to correct unsafe placements (*Id,* ¶ 47)("…Rodriguez was required to rework the load…" if unsafe). (*Id.* ¶¶ 40, 42, 43, 44, 47, 66, 68, 69, 70, 73.) He alleges these tasks were a regular and central part of his job (*Id*. ¶¶ 38-50.) These are quintessential safety-affecting loading activities. Where, as here, the pleadings establish Plaintiff performed safety-affecting loading duties, no discovery is required. *See, e.g., Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3667815, at *3 (S.D. Fla. July 17, 2014) (granting judgment on the pleadings to employer because the allegations established the plaintiff performed duties directly affecting the safety of motor vehicles and no factual dispute existed as to those duties and thus the plaintiff was exempt pursuant to the MCA exemption).

The cases on which Plaintiff relies do not help him. His reliance on *Pyramid* and *Troutt* is misplaced because those cases address a different question entirely: whether employees who were *not* loaders nevertheless performed enough loading-related work to fall within the MCA exemption. In *Pyramid*, the employees were a delivery clerk and a "push boy," and in *Troutt*, the plaintiff was a race car body fabricator who only loaded a race car twice in three years. *See Pyramid*, 330 U.S. at 698; *Troutt*, 107 F.3d at 1106. Here, Plaintiff affirmatively alleges that he was a loader and that his job consisted of loading, unloading, securing freight, and ensuring proper weight distribution—duties squarely within the ICC's definition of a loader.[6] That distinction is dispositive.

Plaintiff's reliance on *Blankenship* is similarly misplaced. 415 F.2d at 1196. There, the Fourth Circuit reversed judgment in favor of the plaintiffs and entered judgment in favor of the employer on the exempt status of dock workers, noting it was not disputed that "among their principal duties was the loading of trucks engaged in interstate commerce." *Id*. at 1195. Here, Plaintiff does not allege that loading and securing freight was tangential to some other principal duty. Instead, his pleadings indicate that loading and securing freight was his core job function. Plaintiff cannot invoke the *de minimis* rule reserved for employees whose loading work is merely minor or occasional.

## II.     CONCLUSION

Plaintiff seeks to reframe the *de minimis* standard into an unrecognizable test. He concedes the very duties that bring him within the MCA exemption—loading and securing freight—while attempting to characterize those duties as non-safety-affecting or *de minimis* because he

---

[6] In *Troutt*, the Fourth Circuit explained that the only definition of the work of loaders adopted by the ICC or Secretary of Transportation is those "whose sole duties are to load and unload motor vehicles and transfer freight between motor vehicles and between the vehicles and the warehouse," a definition later "elaborated on" by the U.S. Supreme Court in *Levinson*, 330 U.S. at 652 n. 2 and *Pyramid*, 330 U.S. at 698–708. *Troutt,* 107 F.3d at 1108 n.1 (citing MC–2, 28 M.C.C. at 134).

purportedly did not exercise discretion. Because Plaintiff's Amended Complaint establishes the exemption applies as a matter of law, the Court should dismiss Plaintiff's Amended Complaint with prejudice.

Dated: May 21, 2026                                Respectfully submitted,


                                                   /s/ Dana C. Lumsden
                                                   Dana C. Lumsden, Esq. [NC Bar No. 32497]
                                                   SEYFARTH SHAW LLP
                                                   300 South Tryon Street, Suite 400
                                                   Charlotte, North Carolina 28202
                                                   Telephone: (704) 925-6045
                                                   Facsimile: (704) 837-4455
                                                   dlumsden@seyfarth.com

                                                   Brett C. Bartlett, Esq.* [GA Bar No. 040510]
                                                   Ralph Culpepper II, Esq.* [GA Bar No. 953215]
                                                   SEYFARTH SHAW LLP
                                                   1075 Peachtree Street, N.E., Suite 2500
                                                   Atlanta, Georgia 30309
                                                   Telephone: (404) 885-1875
                                                   Facsimile: (404) 892-1056
                                                   bbartlett@seyfarth.com
                                                   rculpepper@seyfarth.com

                                                   *by special appearance

                                                   Hillary J. Massey, Esq.* [MA Bar No. 669600]
                                                   SEYFARTH SHAW LLP
                                                   Two Seaport Lane, Suite 1200
                                                   Boston, Massachusetts 02210-2028
                                                   Telephone: (617) 946-4879
                                                   hmassey@seyfarth.com

                                                   *by special appearance

                                                   ATTORNEYS for the DEFENDANT
                                                   OLD DOMINION FREIGHT LINE, INC.


9

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(d)(1)

The undersigned attorney hereby certifies that the this brief complies with Rule 7.3(d)(1) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina. This brief was created using word processing software and according to the word count feature of that software, it does not exceed 3,125 words, exclusive of the caption, signature lines, the certificate of compliance, and the certificate of service.

*/s/ Dana C. Lumsden*
Dana C. Lumsden, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2026, I electronically filed the foregoing **REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court using the CM/ECF system, which will send e-mail notification of such filing to all counsel of record.

*/s/ Dana C. Lumsden*
Dana C. Lumsden, Esq.

- 11 -